IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MALON BARRETT,

    Plaintiff,

v.                                             No. CV 10-757 MV/GBW

RAY TERRY, Warden, Otero
County Processing Center,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Warden Ray Terry's Motion for Summary Judgment on Mr. Malon[1] Barrett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. *Doc. 9.* When Plaintiff failed to respond to the Motion for Summary Judgement, this Court issued an Order to Show Cause. *Doc. 11.* Plaintiff responded to the Order to Show Cause, filed a Motion for Order of Release, and then filed a letter reiterating his request for relief. *Doc. 12, 14, 16.* Though none of these filings constitutes a response to the Motion for Summary Judgment, his Response to the Order to Show Cause does include one factual dispute of the allegations in Defendant's Motion; namely, Petitioner

---

[1] In his filings, Mr. Barrett sometimes spells his first name "Malan" and sometimes "Malon." Defendants refer to him as "Malon," though their exhibits refer to Petitioner as "Malan." The Court will refer to him as "Malon" but assumes both spellings refer to the same person.

argues that he is a Haitian rather than a Jamaican citizen. *See doc. 14.*

This case was referred to me on August 20, 2010 to submit proposed findings of fact and recommendation for the disposition of the case pursuant to 28 U.S.C. §636(b)(1). *Doc. 3.* Defendant has asked that the Court dismiss Mr. Barrett's petition without prejudice. Having considered the pleadings and the relevant law, I agree with Defendant's arguments and recommend that Mr. Barrett's Petition be dismissed without prejudice.

BACKGROUND

From the uncontested exhibits attached to Defendant's Motion for Summary Judgment, it appears Petitioner is an alien who last entered the United States legally on March 28, 2008 via Miami International Airport pursuant to a non-immigrant alien H2B visa.[2] *Doc. 9* at Exh. A. On March 22, 2010, Petitioner was stopped at a Border Patrol check point in New Mexico and detained for having overstayed his visa, which expired June 30, 2008. *Id.* A woman and child were also in the car at the check point. *Id.* At that time, Petitioner claimed the woman, Felicia Zackery, was his U.S. citizen wife. *Id.* At different points in later paperwork, however, it appears she and Petitioner were not married, and, indeed, that she was a legal resident rather than a citizen. *Id.* at Exh. A, E. It is undisputed, however, that the couple has a United States citizen daughter, Milani Lee Barrett, born June

---

[2] In his Response to the Order to Show Cause, Plaintiff claims he is not a Jamaican citizen and, indeed, has never lived in Jamaica. He claims instead that he is a Haitian who purchased a Jamaican passport from a smuggler in order to obtain a work permit. Because the legal issues in this case do not turn on whether Petitioner is a Jamaican or Haitian national, I will not discuss this issue further.

30, 2009. *Id.* at Exh. E.

The Department of Homeland Security ("DHS") detained Petitioner after apprehending him at the check point and, upon investigation, discovered that, in August of 2008, Petitioner had been charged with drug trafficking in the state of Florida. *Id*. at 2. Petitioner promptly moved for release on a bond. On April 5, 2010, the immigration judge held a bond hearing where the judge determined Petitioner was not a danger to the community, and the judge reduced Petitioner's bond to $10,000. *Id.; id.* at Exh. F, G. It was also discovered at that hearing that Petitioner's state drug trial was set for June 1, 2010. *Id.* at Exh. F. On May 11, 2010, Petitioner filed a Motion to Reconsider Lower Bond seeking bond solely on personal recognizance. *Id.* at Exh. H. On May 17, 2010, the judge refused Petitioner's request, finding him to be a flight risk due to his pending criminal charges and his previous dishonesty about his marital status. *Id.* at Exh. H, I.

On May 28, 2010, Petitioner filed an application for asylum and withholding of removal. *Id.* at Exh. J. On June 9, 2010, Petitioner went before the immigration court again, submitted his *pro se* application for asylum, and complained that he could not post bond due to financial reasons.[3] *Id.* at Exh. F. At the hearing, Petitioner's attorney noted his intent to withdraw, the judge noted that Petitioner had been convicted of drug charges

---

[3] Exhibit G appears to show that Petitioner posted the $10,000 bond via Financial Casualty & Surety Inc. on April 15, 2010. However, everything else in the record points to the fact that Petitioner did not satisfy the bond requirement set by the immigration judge and was never released on that bond.

3

(presumably at the June 1, 2010 Florida state trial for drug trafficking), and the judge set a merits hearing for Petitioner's asylum petition for November 26, 2010. *Id.*

On August 13, 2010, Mr. Barrett, *pro se*, filed the Petition for Writ of Habeas Corpus presently under review seeking an order of release or a reduction of his bond. *Doc. 1.*

On August 31, 2010, Petitioner filed an appeal of the order denying his bond reduction. *Doc. 9* at Exh. K. At least as of October 3, 2010, the time Defendant filed his Motion for Summary Judgment, the Board of Immigration Appeals had not yet decided Petitioner's appeal, *id.* at 5, and this Court has not been updated if that status has changed. The Court does not need to know the status of that appeal, however, because also on August 31, 2010, an immigration judge granted a motion Petitioner had filed *pro se* stipulating to removal. *Id.* at Exh. L. The judge construed Plaintiff's motion as a motion to withdraw his asylum/withholding application, granted it, and ordered Petitioner removed from the United States to Jamaica. *Id.* Both parties agree this order constituted a final administrative order. *See doc. 9* at 7, *doc 12.* Petitioner has not filed an appeal to this decision (at least as of October 3, 2010), and his 30-day window to appeal expired September 30, 2010. *Doc. 9* at 5.

ANALYSIS

*The Court Lacks Jurisdiction to Hear Petitioner's Request for Reduction of Bond; Alternatively, Petitioner's Claim is Moot.*

In Mr. Barrett's petition he states: "I am not a flight risk therefore I should not be given an unreasonable amount of bond." *Doc. 1*. The Court construes this statement as a request for review of his initial bond determination and the subsequent orders regarding Petitioner's bond. Defendant argues that the Court lacks jurisdiction to review Petitioner's bond amount. *Doc. 9* at 6-7. He also argues that, even if the Court had jurisdiction, Petitioner's request is moot. *Id.* at 6-8. Because I agree with Defendant on both counts, I recommend denying petitioner's requested bond review.

Under 8 U.S.C. §1226, the Attorney General, in his discretionary judgment, makes initial custody and bond determinations. 8 U.S.C. §1226. An alien may request review of such decisions by an immigration judge and the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19; 8 C.F.R. §§ 1003.19(f), 1003.38. By the plain language of the statute, however, bond determinations are not reviewable by federal courts:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C.A. § 1226(e); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii):

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law (statutory or nonstatutory),

5

> including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> . . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[4] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C.A. § 1252(a)(2)(B)(ii).

Although the Tenth Circuit Court of Appeals has yet to address the interpretation of these statutes, several courts have found that they clearly bar judicial review of bond determinations. *See e.g. Ammi v. Longshore*, No. 09-CV-1670-BNB, 2009 WL 2588715, at *1-2 (D. Colo. Aug. 21, 2009); *Mutebi v. Mukasey*, No. 07-CV-2654-REB-KLM, 2008 WL 4297035 at *5-6 (D. Colo. Sept. 11, 2008); *Maramba v. Mukasey*, No. 3:08 CV 351-K, 2008 WL 1971378 at *3 (N.D. Tex. April 28, 2008); *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 639-40 (E.D.Va. 2006). I agree and thus recommend that Petitioner's request for bond review be denied because the Court lacks jurisdiction to hear Petitioner's claim.

Alternatively, I recommend denying Petitioner's request for bond review due to his claim being moot. When Plaintiff filed his habeas petition, he was being held pursuant to 8 U.S.C. §1226, the statute that governs most immigration detentions pending entry of an

---

[4] 8 U.S.C. §1252 is in Chapter 12, Subchapter II of Title 8. Subchapter II extends from 8 U.S.C. 1151-1381, and thus includes 8 U.S.C. 1226.

administratively final order of removal. *See* 8 U.S.C. §1226. Since the filing of his petition, however, the immigration judge handed down a order of removal. *Doc. 9* at Exh. L. When Petitioner did not appeal that decision within the applicable time frame, it became final and changed the authority for DHS to detain Petitioner from 8 U.S.C. § 1226 to 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(2). Although the Tenth Circuit Court of Appeals has yet to decide this issue, several courts have held that once a petitioner changes status from a pre-removal-order detainee to a post-removal-order detainee, he loses the ability to bring suit challenging his pre-removal-order detention. *See Andrade v. Gonzales*, 459 F.3d 538, 542-43 (5th Cir. 2006); *Mafukidze v. Gonzales*, No. 07 CV 871-W, 2008 WL 395411, at *4 -5 (W.D.Okla. Feb. 11, 2008); *Head v. Keisler*, No. 07 CV 402-F, 2007 WL 4208709, at *6 n.12 (W.D.Okla. Nov. 26, 2007); *Reyes-Cardenas v. Gonzales*, No. 05 CV 5687(KMW)(RLE), 2007 WL 1290141 at *6 (S.D. N.Y. April 30, 2007); *Samuel v. I.N.S.*, No. 01 CV 3413 LTSRLE, 2005 WL 120221 at *7 (S.D.N.Y. Jan. 20, 2005). I agree and find that "there is no longer a case or controversy on the detention issue prior to the final order of removal, as the relief [Petitioner] seeks can no longer be given." *Samuel*, 2005 WL 120221 at *7. Thus, alternatively, I recommend Petitioner's request for review of his bond order be denied as moot.

*The Length of Petitioner's Post-Final-Removal-Order Detention is Still Presumptively Reasonable.*

As explained above, Petitioner does not have any valid claims for relief from his pre-removal-order detention. Although Mr. Barrett seeks review of his pre-removal-order

7

detention in his petition, if the Court were to construe his *pro se* complaint liberally as a request for post-removal-order relief, relief still could not be granted. Although the statute that governs post-removal-order detention provides that aliens shall be removed within 90 days of the filing of their final removal order, 8 U.S.C. § 1231(a), the Supreme Court has held that a total period of six months of post-final-removal-order detention constitutes a "presumptively reasonable period of detention." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Moreover, even after six months have passed, the initial burden is on the alien to show that there is "'no significant likelihood of removal in the reasonably foreseeable future.'" *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004)(citing *Zadvydas*, 533 U.S. at 701). The parties agree that Petitioner's administrative removal order was final August 31, 2010. *See doc. 9* at 7, *doc 12*. Six months have not yet expired from that date. Further, there is nothing in Petitioner's filings or the record as a whole that would suggest Petitioner will not be removed within the six month presumptively reasonable period, let alone the "reasonably foreseeable future." Thus, Petitioner has not met the standard for post-removal-order relief, and, to the extent he makes any post-removal-order claims, I recommend that those claims be dismissed without prejudice.

## CONCLUSION

I therefore recommend that Mr. Barrett's petition be dismissed; however, because his detention may become unlawful in the future, I recommend dismissing his petition without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE